UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
HUGH DWYER

                      Plaintiff

    -against-

                                                   COMPLAINT
                                                   PLAINTIFFS DEMAND
THE CITY OF NEW YORK                           TRIAL BY JURY
POLICE OFFICER SHANNON PEARL,
POLICE OFFICER JOSEPH ALGERIO, SH. # 7322        12-cv-06476
and POLICE OFFICER JOHN DOE 1-10


                      Defendants
-------------------------------------------------------------------------X



MICHAEL COLIHAN- ATTORNEY AT LAW

                                                                           44 Court Street
                                                                            Suite 911
                                                               Brooklyn, New York 11201

Phone (718) 488-7788

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

HUGH DWYER

                              Plaintiff

      -against-

                                                          COMPLAINT
                                                          PLAINTIFFS DEMAND

THE CITY OF NEW YORK                         TRIAL BY JURY
POLICE OFFICER SHANNON PEARL,               12-cv-06476
POLICE OFFICER JOSEPH ALGERIO, SH. # 7322
and POLICE OFFICER JOHN DOE 1-10


                              Defendants
------------------------------------------------------------------------X

**PRELIMINARY STATEMENT**

     1. This is a civil action for damages brought pursuant to redress the deprivation by defendants of the rights secured to plaintiff under the Constitution and laws of the United States and State of New York. The defendants, upon information & belief, without a warrant and without probable cause, unlawfully arrested and falsely imprisoned the plaintiff HUGH DWYER. This occurred on two separate occasions . On the first occasion, the plaintiff was arrested on January 15, 2011 and charged with violation of New York State Penal Law 215 .51 (B) (V) and other related charges under Kings County Criminal Court docket number 2011KN003509  The matter was dismissed on May 16, 2011 before the Honorable Desmond Green in Part APF-1 of the Criminal Court of the City of New York and County of Kings . On the second occasion, the plaintiff was

arrested on or about January 5, 2012 and charged with violation of New York State Penal Law 140..30-2 and other related charges. He was prosecuted under Queens County Criminal Court docket number 2012QN000994. The matter was presented to the Grand Jury of Queens County and the plaintiff testified. The Queens County Grand Jury returned a finding of "no true bill" and did not indict the defendant. The plaintiff was falsely and wrongfully incarcerated for a period of six days before his release  He suffered serious and severe psychological injuries, the full nature and extent have yet to be determined.. The plaintiff did not consent to either confinement and it was not otherwise privileged.. The plaintiff suffered wrongful incarceration on two separate occasions because of the policies of the New York City Police Department of making arrests in allegations of domestic violence regardless of whether or not probable cause actually exists. By the filing of this complaint, the plaintiff now alleges that the City of New York & the New York City Police Department violated his rights under 42 USC Section 1983, the 4th Amendment of the United States Constitution and New York State law. In addition, the plaintiff invokes the pendant jurisdiction of this court to assert claims arising under state law

2. That the jurisdiction of this Court is invoked under the provisions of Section 1331 & 1343 of Title 28 and Sections 1983 & 1988 of Title 42 of the United States Code . Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 USC Section 1367 to hear and decide their New York State Law claims of false arrest, false imprisonment and the intentional and negligent infliction of mental & emotional distress against the individual defendant police officers. These state law claims form part of the same case and controversy as plaintiff's federal claims under Article III of the United States Constitution.

3. Because plaintiff's state law claims are brought only against the individual defendant

police officers and allege intentional conduct, no notice of claim is required. In suits against municipal or county employees, as opposed to suit against municipalities themselves, " service of the notice of claim upon the public corporation shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law" N.Y. Gen. Mun. Law Section 50- e (1) n(b)

## PARTIES

4. That at all times hereinafter mentioned, the plaintiff HUGH DWYER was and still is a resident of the City & State of New York.

5. Upon information and belief the defendant THE CITY OF NEW YORK was and is a municipal corporation organized and existing under the laws of the City and State of New York.

6. That the defendant POLICE OFFICER SHANNON PEARL, was & is an agent, servant & employee of the defendant THE CITY OF NEW YORK.

7. That the defendant POLICE OFFICER JOSEPH ALGERIO, Sh. # 7322 was & is an agent, servant & employee of the defendant THE CITY OF NEW YORK.

8. That the defendants POLICE OFFICERS JOHN DOE 1-10 were and are agents, servants & employees of the defendant THE CITY OF NEW YORK.

**STATEMENT OF RELEVANT FACTS FOR THE UNDERLYING KINGS COUNTY MATTER**

9. That on or about the 15th day of January, 2012, the plaintiff was lawfully in the County of

Kings, City and State of New York.. The plaintiff was committing no crime at that time and was not acting in a suspicious manner.

10.  That while at the aforesaid time and place the plaintiff was unlawfully and without just cause, approached, accosted, falsely arrested and falsely imprisoned by the aforementioned officers of THE NEW YORK CITY POLICE DEPARTMENT who were agents, servants and employees of the defendant THE CITY OF NEW YORK who were acting under color of law during the aforesaid transactions, including but not limited to POLICE OFFICER JOSEPH ALGERIO, Sh. 3 7322 and POLICE OFFICER JOHN DOE 1-5.

11. That the plaintiff was wrongfully incarcerated for over 24 hours. The false charges brought against the plaintiff by the defendants included but were not limited to violation of New York State Penal Law 215 . 51 (b) (v) and other related charges. The docket number was 2011kN0003509 in the Criminal Court of the City of New York & County of Kings.

12.. While the plaintiff was being held, his designated " arresting officer" POLICE OFFICER JOSEPH ALGERIO, Sh. # 7322,  with the acquiescence of other defendants, misrepresented facts in the police reports and other documents that the plaintiff had committed offenses when in fact this was not true.

13. Upon information and belief, defendant's motives in filing these false charges was to cover up their misconduct, obtain overtime compensation and obtain credit for an arrest, and cover up the misconduct of other police officers.

14. Upon information and belief, defendants misrepresented to the Queens County District Attorney's Office and the Criminal Court of the City of New York and County of Queens that the plaintiff had committed the crimes of New York State Penal Law 140.20-2..The docket number was 2011KN003509. Their motives in filing these false charges was to cover up their misconduct, obtain overtime compensation and obtain credit for an arrest..

15. That on or about May 16, 2011, the criminal matter against the plaintiff was dismissed and sealed before Judge Desmond Green in Part AP-1 in the Criminal Court of the City of New York & County of Kings.

16. That by reason of the foregoing the plaintiff suffered wrongful incarceration, loss of liberty, and suffered serious and severe psychological injuries, some of which, upon information & belief are permanent in nature.

**FIRST CLAIM OF FALSE ARREST AND IMPRISONMENT UNDER STATE LAW AGAINST THE CITY OF NEW YORK AND THE INDIVIDUALLY NAMED POLICE OFFICERS FOR THE UNDERLYING KINGS COUNTY MATTER**

17. Plaintiff repeats the foregoing allegations

18. At all relevant times, plaintiff had not committed any crime or offense and did not act in a suspicious manner.

19. Despite the innocence of the plaintiff, the defendants arrested him and or failed to intervene to prevent said false arrest.

20. Accordingly, defendant are labile to plaintiffs under New York State for false arrest and imprisonment, as per the Fourth Amendment.

**THIRD CLAIM INTENTIONAL INFLICTION OF MENTAL &      EMOTIONAL DISTRESS AS AGAINST THE NEW YORK CITY POLICE DEPARTMENT AND THE INDIVIDUALLY NAMED NEW YORK CITY POLICE  OFFICERS FOR THE UNDERLYING KINGS COUNTY MATTER**

21. Plaintiff repeats the foregoing allegations

22.  At all relevant times, plaintiff had not committed any crime or offense and did not act in a suspicious manner.

23. Despite the innocence of the plaintiff, the defendants arrested him and or failed to intervene to prevent said false arrest.

24. Defendant's actions in making false allegations against the plaintiff ,in injuring him,  in arresting him, in incarcerating him, in forcing him to make repeated appearances in court before this case was dismissed, amounts to conduct intolerable in a civilized society which has caused the plaintiff emotional distress.

25. Accordingly, the individual defendants are liable to the plaintiff under the law of the state of New York for the intentional infliction of mental distress.

**FOURTH CLAIM FOR THE NEGLIGENT INFLICTION OF MENTAL & EMOTIONAL DISTRESS AS AGAINST THE CITY OF NEW YORK AND INDIVIDUALLY NAMED NEW YORK CITY POLICE OFFICERS FOR THE            UNDERLYING KINGS COUNTY MATTER**

26. Plaintiff repeats the foregoing allegations

27.  At all relevant times, plaintiff had not committed any crime or offense and did not act in a suspicious manner.

28. Despite the innocence of the plaintiff, the defendants arrested him and or failed to intervene to prevent said false arrest.

29. Defendant's actions in making false allegations against the plaintiff, in injuring him, in arresting him, in incarcerating him, in forcing him to make repeated appearances in court before this case was dismissed, amounts to conduct intolerable in a civilized society which has caused the plaintiff emotional distress.

30. Accordingly, the individual defendants are liable to the plaintiff under the law of the state of New York for the negligent infliction of mental distress.

**FIFTH CLAIM FOR VIOLATION OF THE PLAINTIFF'S CIVIL RIGHTS AS AGAINST THE CITY OF NEW YORK & THE INDIVIDUALLY NAMED NEW YORK CITY POLICE OFFICERS FOR THE UNDERLYING KINGS COUNTY MATTER**

31. Plaintiff repeats the foregoing allegations

32. In the manner as aforesaid, each of the defendants, jointly & severally, acted maliciously, willfully and wantonly, and outside the scope of his jurisdiction, although under color of law, and violated the following rights of the plaintiff; to be free from unreasonable arrest, excessive force, summary punishment without trial & due process of law.

33. Defendants, its agents servants and employees, by their conduct herein alleged, intentionally, willfully and without justification, and under color of law did deprive the plaintiff of his rights, privileges and immunities secured to him by the Constitution and the laws of the United States, and by 42 U.S.C. Sections 1983 & 1988 and by the statutes and laws of the state of New York which are invoked under the pendant jurisdiction of this Court.

**STATEMENT OF RELEVANT FACTS FOR THE UNDERLYING QUEENS COUNTY MATTER**

34. That on or about the 5thday of January, 2012, the plaintiff was lawfully in the County of Queens, City and State of New York.. The plaintiff was committing no crime at that

time and was not acting in a suspicious manner.

35. That while at the aforesaid time and place the plaintiff was unlawfully and without just cause, approached, accosted, falsely arrested and falsely imprisoned by the aforementioned officers of THE NEW YORK CITY POLICE DEPARTMENT who were agents, servants and employees of the defendant THE CITY OF NEW YORK who were acting under color of law during the aforesaid transactions, including but not limited to POLICE OFFICER SHANNON PEARL, and POLICE OFFICER JOHN DOE 1-10

36. That the plaintiff was wrongfully incarcerated until on or about January 12, 2012. The case was presented to the grand jury, the plaintiff testified, and the grand jury of Queens County returned a finding of " no true bill, refusing to indict him. The false charges brought against the plaintiff by the defendants included but were not limited to violation of New York State Penal Law 140.20, 120..00 and other related charges. The docket number was 2012QN0000994 in the Criminal Court of the City of New York & County of Queens.

37. While the plaintiff was being held, his designated " arresting officer" POLICE OFFICER SHANNON PEARL, with the acquiescence of other defendants, misrepresented facts in the police reports and other documents that the plaintiff had committed offenses when in fact this was not true.

38. . Upon information and belief, defendant's motives in filing these false charges was to cover up their misconduct, obtain overtime compensation and obtain credit for an arrest, and cover up the misconduct of other police officers.

39. Upon information and belief, defendants misrepresented to the Queens County District Attorney's Office and the Criminal Court of the City of New York and County of Queens that the plaintiff had committed the crimes of New York State Penal Law 140.20-2..The docket number was 2012QN000994. Their motives in filing these false charges was to cover up their misconduct, obtain overtime compensation and obtain credit for an arrest..

40. That on or about January 11, 2012 the criminal matter against the plaintiff was dismissed and sealed before Judge Stephanie Zaro in Part AR-3 in the Criminal Court of the City of New York & County of Queens.

41. That by reason of the foregoing the plaintiff suffered wrongful incarceration, loss of liberty, and suffered  serious and severe psychological injuries, some of which, upon information & belief are permanent in nature.

**SIXTH CLAIM OF FALSE ARREST AND IMPRISONMENT UNDER STATE LAW AGAINST THE CITY OF NEW YORK AND THE INDIVIDUALLY NAMED POLICE OFFICERS FOR THE UNDERLYING QUEENS COUNTY MATTER**

42. Plaintiff repeats the foregoing allegations

43.  At all relevant times, plaintiff had not committed any crime or offense and did not act in a suspicious manner.

44. Despite the innocence of the plaintiff, the defendants arrested him and or failed to intervene to prevent said false arrest.

45. Accordingly, defendant are labile to plaintiffs under New York State for false

arrest and imprisonment, as per the Fourth Amendment.

### SEVENTH CLAIM INTENTIONAL INFLICTION OF MENTAL & EMOTIONAL DISTRESS AS AGAINST THE NEW YORK CITY POLICE DEPARTMENT AND THE INDIVIDUALLY NAMED NEW YORK CITY POLICE OFFICERS FOR THE UNDERLYING QUEENS COUNTY MATTER

46. Plaintiff repeats the foregoing allegations

47. At all relevant times, plaintiff had not committed any crime or offense and did not act in a suspicious manner.

48. Despite the innocence of the plaintiff, the defendants arrested him and or failed to intervene to prevent said false arrest.

49. Defendant's actions in making false allegations against the plaintiff ,in injuring him, in arresting him, in incarcerating him, in forcing him to make repeated appearances in court before this case was dismissed, amounts to conduct intolerable in a civilized society which has caused the plaintiff emotional distress.

50. Accordingly, the individual defendants are liable to the plaintiff under the law of the state of New York for the intentional infliction of mental distress.

### EIGHTH CLAIM FOR THE NEGLIGENT INFLICTION OF MENTAL & EMOTIONAL DISTRESS AS AGAINST THE CITY OF NEW YORK AND INDIVIDUALLY NAMED NEW YORK CITY POLICE OFFICERS FOR THE UNDERLYING QUEENS COUNTY MATTER

51. Plaintiff repeats the foregoing allegations

52 . At all relevant times, plaintiff had not committed any crime or offense and did not act in a suspicious manner.

53. Despite the innocence of the plaintiff, the defendants arrested him and or failed to intervene to prevent said false arrest.

54. Defendant's actions in making false allegations against the plaintiff, in injuring him, in arresting him, in incarcerating him, in forcing him to make repeated appearances in court before this case was dismissed, amounts to conduct intolerable in a civilized society which has caused the plaintiff emotional distress.

55. Accordingly, the individual defendants are liable to the plaintiff under the law of the state of New York for the negligent infliction of mental distress.

**NINTH CLAIM FOR VIOLATION OF THE PLAINTIFF'S CIVIL RIGHTS AS AGAINST THE CITY OF NEW YORK & THE INDIVIDUALLY NAMED NEW YORK CITY POLICE OFFICERS FOR THE UNDERLYING QUEENS COUNTY MATTER**

56. Plaintiff repeats the foregoing allegations

57. In the manner as aforesaid, each of the defendants, jointly & severally, acted maliciously, willfully and wantonly, and outside the scope of his jurisdiction, although under color of law, and violated the following rights of the plaintiff; to be free from unreasonable arrest, excessive force, summary punishment without trial & due process of law.

58. Defendants, its agents servants and employees, by their conduct herein alleged, intentionally, willfully and without justification, and under color of law did deprive the plaintiff of his rights, privileges and immunities secured to him by the Constitution and the laws of the United States, and by 42 U.S.C. Sections 1983 & 1988 and by the statutes and laws of the state of New York which are invoked under the pendant jurisdiction of this Court.

**SIXTH CLAIM- MONELL VIOLATION**

59. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

60.. That the City of New York is a "person" within the meaning of 42 USC Section 1983.

61. That City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by the plaintiff.

62. Upon information & belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD, and lawless officers who have previously committed acts similar to those herein complained of, have a tendency and predisposition for unlawful, illegal and unconstitutional conduct and or have been poorly trained, supervised and disciplined.

63. A number of members of the New York City Police Department have been convicted of crimes involving corruption, perjury, making false allegations against civilians and other criminal activity.

64. In the year 2011, former Brooklyn South Narcotics Division officer Jerry Bowen was convicted of homicide and attempted murder while he was under indictment for other crimes.

65. Former NYPD Commissioner Bernard Kerik was convicted of corruption related crimes in connection with his employment with the NYPD and served time in federal prison.

66. .In *Colon v the City of New York*, Nos. 09 cv 8, 09 cv 9 (JBW) 2009WL 4263362 (EDNY November 25, 2009), the federal court stated that an " informal inquiry by this court and among the judges of this court, as well as knowledge of cases in other federal & state courts has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the NYPD.

67. Despite the foregoing, the City of New York exercised deliberate indifference to the aforementioned abuses against civilians such as the plaintiffs by failing to take remedial action. The City failed to properly train, retain supervise discipline and monitor the defendants ad other members of the service guilty of similar abuses.

68.. The City's failure to act resulted in a violation of the plaintiff's constitutional rights

69. At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

70. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline the individually named defendants . The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

71. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the plaintiff respectfully preys to the court for judgment upon each cause of action as follows:

a. Compensatory damages in an amount which this Court shall consider to be just and fair:

b. Punitive and exemplary damages in an amount which this Court shall consider to be just & fair;

c. Attorney's fees in an amount which this Court shall consider just & fair;

      d.  Together with the costs and disbursements of this action and such other and further relief which this Court may seem just & proper.

DATED: BROOKLYN, NY

    August 22, 2012..

------------------/s/--------------------------
MICHAEL COLIHAN (MC-0826)
Attorney for the Plaintiff
44 Court Street
Suite 911
Brooklyn, NY 11201
(718) 488-7788